IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TELFORD BOROUGH AUTHORITY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | No.:   12-CV-6548 |
| | : | |
| UNITED STATE ENVIRONMENTAL | : | |
| PROTECTION AGENCY, et al., | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

**SITARSKI, M.J.**                                                                October 15, 2021

Pending before the Court is Plaintiff's Motion to Deem Certain Allegations in Plaintiff's Complaint Admitted (ECF No. 182), Defendants' Response in Opposition thereto (ECF No. 185) and Plaintiff's Reply in Support (ECF No. 188).[1] For the following reasons, the Court denies Plaintiff's motion without prejudice.

Plaintiff moves to deem admitted 127 paragraph-form allegations in its Amended Complaint on the basis that the corresponding responses in Defendants' Answer fail to comply with Federal Rule of Civil Procedure 8's pleading standard. (Memo. in Supp. of Mot. to Deem Admitted, ECF No. 182-1, at 1-3). Specifically, Plaintiff argues that Defendants' responses to these allegations – that they involve either "a conclusion of law to which no response is required" or a "document [that] speaks for itself" – do not admit, deny, or assert a lack of knowledge as to the allegations in the complaint, as required by Rule 8. (*Id.* at 4-10; *see generally* Am. Compl, ECF No. 165; Answer, ECF No. 170; *see also* FED. R. CIV. P. 8(b)(1), (5)). Plaintiff cites a plethora of cases from a variety of district courts holding that Rule 8 does

---

[1] The Honorable C. Darnell Jones, II referred the matter to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (Order, ECF No. 191).

not permit these types of responses. (Memo. in Supp. of Mot. to Deem Admitted, ECF No. 182-1, at 5, 7-9 (citations omitted)). It maintains that proper responses are "exceedingly crucial" in this case because most of its claims arise under the Administrative Procedure Act and Plaintiff therefore cannot "ascertain the truth about these factual allegations within the normal process of discovery . . . ." (*Id.* at 10 n.1).

Defendants point to a few district court cases permitting responses like those made in its Answer but otherwise do not challenge the cases upon which Plaintiff relies. (Resp., ECF No. 185, at 1-2 & n.1). Instead, they cite several cases purportedly supporting the proposition that their Answer's "general denial" of any allegations not specifically admitted, read alongside the responses at issue, which do not specifically admit the allegations, results in their effective denial. (*Id.* at 2-4 (citations omitted); *see also* Answer, ECF No. 170, at 58 ("GENERAL DENIAL" – "EPA denies any allegation in the Amended Complaint not specifically admitted herein.")). Defendants insist that deeming Plaintiff's allegations admitted would constitute "an extraordinary and draconian sanction" and point out that in all of Plaintiff's cited cases but one (involving different facts) the court permitted the answering party leave to amend. (*Id.* at 4-5). Indeed, they claim that prior to filing their response brief they sought Plaintiff's consent to amend their answer to resolve the motion, but Plaintiff refused. (*Id.* at 4 n.4). Defendants request permission to amend in lieu of the Court deeming Plaintiff's allegations admitted. (*Id.* at 6).

Plaintiff counters that almost all of Defendants' cited cases regarding general denials of allegations not specifically admitted involved motions to strike, with their "drastically different standard of review" requiring bad faith by the answering party, not motions to deem admitted. (Reply, ECF No. 188, at 3). It contends that, in any event, each of Defendants' responses that a

2

"document speaks for itself" included a conditional denial of the allegation limited only "to the extent it is inconsistent" with the document and that this "partial admission and partial denial[ ] removes any of the certainty that may have been provided by a general denial," thereby depriving Plaintiff of the ability to determine what part of the allegation Defendants admit and what part they deny.  (*Id.* at 4, 6-9).  Nonetheless, Plaintiff acknowledges that "the Court may simply order the Agency to file an amended answer that complies with Rule 8."  (*Id.* at 3).  In fact, Plaintiff requested in the alternative that Defendant be ordered to amend its answer.  (*Id.* at 10).  Plaintiff denies that it refused to consent to an amendment and indicates that it withheld consent only insofar as Defendants sought to amend instead of responding to the motion because Plaintiff did not want to "waive any of the legal and factual arguments presented in the Motion until those violations were resolved."  (*Id.* at 9-10).  According to Plaintiff, "[a]ll Telford is asking for is an Answer by EPA that either (1) admits, (2) denies, or (3) claims lack of knowledge pursuant to the requirements of Rule 8."  (*See id.* at 9-10 ("an answer that complies with the federal rules[ ] is all that Telford sought and expected from the outset")).

      The instant dispute may be easily resolved with an amended Answer.  Ample caselaw, cited by the parties, supports this resolution.  *See, e.g., Kegerise v. Susquehanna Twp. Sch. Dist.*, 321 F.R.D. 121, 122 (M.D. Pa. Feb. 3, 2016) ("Instead of deeming Plaintiff's allegations admitted, however, we will grant Defendants an opportunity to file an amended answer curing the defects in their responses.") (citing *Sinclair Cattle Co., Inc. v. Ward*, No. 14-CV-1144, 2015 WL 6125260, at *3 (M.D. Pa. Oct. 16, 2015); *David v. Crompton & Knowles Corp.*, 58 F.R.D. 444, 447 (E.D. Pa. 1973) (internal citations omitted)); *Joseph v. Ford Motor Co.*, No. 06-10274, 2009 WL 10680506, at *3 (E.D. Mich. Sept. 30, 2009); *Thompson v. Ret. Plan for Emps. of S.C. Johnson & Sons, Inc.*, Nos. 07-CV-1047, 08-CV-0245, 2008 WL 5377712, at *4 (E.D. Wis. Dec.

22, 2008); *Kempka v. Dun & Bradstreet Corp.*, No. 95 C 6650, 1996 WL 19577, at *2 (N.D. Ill. Jan. 17, 1996).  Moreover, both parties request an Order directing amendment as appropriate alternative relief to deeming Plaintiff's allegations admitted.  (Resp., ECF No. 185, at 6; Reply, ECF No. 188, at 10).  The parties themselves attempted to settle this dispute via an amendment, but Plaintiff had concerns about waiving its right to challenge any ongoing deficiencies in Defendants' pleading.  (Reply, ECF No. 188, at 9).  However, the Court can address these concerns by making clear that the denial of Plaintiff's motion shall be without prejudice.

Accordingly, the Court shall deny the motion without prejudice as to Plaintiff's right to file a subsequent motion after receiving an amended Answer from Defendants.  Defendants shall have 14 days from the date of this Memorandum and the accompanying Order to file an amended Answer that complies with Federal Rule of Civil Procedure 8.

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge