**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TELFORD BOROUGH AUTHORITY,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **No.:   12-CV-6548** |
| | : | |
| **UNITED STATE ENVIRONMENTAL** | : | |
| **PROTECTION AGENCY, et al.,** | : | |
| **Defendants.** | : | |

**MEMORANDUM OPINION**

**SITARSKI, M.J.**                                                    **November 23, 2021**

Pending before the Court is Plaintiff's Motion for an Extension of the Discovery Deadline (ECF No. 189), Defendants' response in opposition thereto (ECF No. 192) and Plaintiff's supporting supplement (ECF No. 205), as well as Defendants' Motion for a Protective Order Against Plaintiff's Discovery Requests (ECF No. 190), Plaintiff's response in opposition thereto (ECF No. 193), Defendants' reply in further support (ECF No. 197), and Plaintiff's sur-reply (ECF No. 199).[1]  For the following reasons, the Court denies Plaintiff's motion and grants Defendants' motion.

**I.      RELEVANT BACKGROUND[2]**

On August 23, 2019, Plaintiff filed its Motion for Leave to File Amended Complaint.

---

[1]  The Honorable C. Darnell Jones, II referred these matters to me for disposition pursuant to 28 U.S.C. § 636(b)(1)(A).  (Order, ECF No. 191).  Because they involve interpretation of the same Court orders and overlapping analysis, I consider them together.

[2]  For additional background, see my February 6, 2020, Memorandum granting in part and denying in part Plaintiff's Motion for Leave to File an Amended Complaint.  (Memo., ECF No. 154).  The instant Memorandum includes only factual and procedural history pertinent to this dispute.

(ECF No. 143).  Plaintiff's proposed amendments included, *inter alia*, adding claims for violation of the Administrative Procedure Act (APA), 5 U.S.C. § 551 *et seq.*, based upon Defendants' alleged denial of Plaintiff's 2019 request for reconsideration of the Indian Creek total maximum daily load (TMDL)[3] (Count V), Plaintiff's 2017 request for peer review of the 2012 Nutrient Endpoints Report (Report) (Count VI), Plaintiff's 2018 second request for peer review of the Report (Count VII) and Plaintiff's alternative watershed restoration plan (Count XI), as well as a due process claim based upon Defendants' alleged pattern and practice of agency bias in developing the TMDL (Count XVII).  (Proposed First Am. Compl. (FAC), ECF No. 143-1, at ¶¶ 364-79, 440-49).  Defendants opposed Counts V, VI and VII on the basis that the Court lacked subject matter jurisdiction because the underlying conduct did not constitute "final agency action" as required by the statute.  (Resp. to Mot. for Leave to Am., ECF No. 147, at 2-7).  It also opposed the due process claim as futile on the ground that Plaintiff failed to allege sufficient bias to overcome the presumption of honesty and integrity of agency decisionmakers.[4]  (*Id.* at 9-10).  In reply, Plaintiff requested limited jurisdictional discovery to determine the finality of Defendants' conduct at issue in Counts V, VI and VII.  (Reply in Supp. of Mot. for Leave to Am., ECF No. 152, at 3-6).  It also disputed Defendants' contention that it had not described a sufficient level of bias in its due process claim.  (*Id.* at 10-12).

On February 6, 2020, this Court issued an Order granting Plaintiff leave to amend to add

---

[3]  As noted in the February 6, 2020, Memorandum, a TMDL is the maximum amount of a pollutant allowed to enter a body of water to ensure the body will meet and continue to meet water quality standards for that particular pollutant.  40 C.F.R. §§ 130.2(i), 130.7.

[4]  Defendants did not oppose the addition of the Count XI APA claim regarding the denial of Plaintiff's alternative watershed restoration plan.  (*See generally* Resp. to Mot. for Leave to Am., ECF No. 147).

the aforementioned claims, as well as others not at issue here.[5]  (Order, ECF No. 155).  In the
accompanying Memorandum, I noted Plaintiff's request for jurisdictional discovery to establish
the finality of the actions underlying Counts V, VI and VII and determined that because "[b]oth
parties continue to vigorously dispute the finality of the actions at issue[,] [t]hese claims are not
so futile as to warrant denial, and the claims may benefit from further factual development."
(Memo., ECF No. 154, at 8-11).  As for the due process claim, I observed that the parties
continued to contest whether Plaintiff had pled sufficient bias and that "[t]his is a factual matter
to be decided at a later time in this litigation after further record development."  (*Id.* at 13).

After a successful motion for reconsideration as to the grant of leave to add two other
APA claims included in the initial amendment, Plaintiff filed a Second Amended Complaint
(SAC)[6] on February 9, 2021.  (Sec. Am. Compl., ECF No. 165; *see* Mot. for Recon., ECF No.
156; Order, ECF No. 164; *see also supra* note 3).  On April 19, 2021, Defendants moved to
dismiss several counts of the SAC, including Counts V through IX[7] and XIII.  (Mot. to Dismiss,
ECF No. 171).  After briefing concluded, Judge Jones denied the motion without prejudice on
August 2, 2021, because it was premature in light of my February 6, 2020, opinion concluding
that "further factual development" was needed.  (Order, ECF No. 181 (quoting Memo., ECF No.
154, at 10)).  However, he further observed that "[a]fter such opinion, because the parties were
engaging in [a] dispute over Defendants' Motion for Reconsideration, and filing briefs for the

---

[5]  I denied leave only as to another APA claim, Count VIII, and a Fourteenth Amendment
equal protection claim, Count XV.  (Order, ECF No. 155).

[6]  The SAC resulted in Counts XI and XVII being renumbered as Counts VIII and XIII,
respectively.  (SAC, ECF No. 165, at 47, 52).  Counts V, VI and VII remained the same.  (*Id.* at
45-46).

[7]  Plaintiff alleges in Count IX that Defendants violated the APA by issuing a TMDL that
will not control excessive plant growth.  (SAC, ECF No. 165, at ¶¶ 379-86).

present Motion to Dismiss, they were unable to engage in the factual discovery that both Judge Sitarski and this Court find necessary to properly determine the veracity of the arguments." (*Id.*). Accordingly, he provided the parties an additional "**forty-five (45) days from the date of this Order** to engage in the necessary factual discovery." (*Id.* (emphasis in original)).

On August 20, 2021, Plaintiff issued Defendants its First Request for Production of Documents (RFP), consisting of 55 separate requests. (First RFPs, ECF No. 190-2). Defendants responded on September 9, 2021, that the RFPs were untimely because Plaintiff issued them with less than 30 days remaining before the deadline established by Judge Jones and, further, that all but five of the RFPs exceeded the scope of the limited jurisdictional discovery permitted by my and Jones Jones's Orders. (Email Exch., ECF No. 190-1, at 2-3). Defendants offered to respond to those five RFPs if Plaintiff withdrew the other 50. (*Id.* at 3). Otherwise, they indicated that they would seek a protective order. (*Id.*). The following day, Plaintiff rejected Defendants' offer, indicating that it would instead "be seeking a 90 day extension of time on the discovery deadline" and that it also intended to issue interrogatories the following week, which it did. (*Id.* at 1-2; First Interrogatories, ECF No. 192-1). Defendants responded that it would oppose Plaintiff's motion and cross-move for a protective order. (Email Exch., ECF No. 190-1, at 1).

Later that day, the parties filed their respective motions. (Mot. for Ext., ECF No. 189; Mot. for Pro. Order, ECF No. 190). On September 21, 2021, Defendants filed a response to Plaintiff's Motion for an Extension of the Discovery Deadline. (Resp. to Mot. for Ext., ECF No. 192). Plaintiff filed a response to Defendants' Motion for a Protective Order the next day. (Resp. to Mot. for Pro. Order, ECF No. 193). Defendants moved for leave to file a reply in support of its motion on September 30, 2021. (Mot. for Leave to File Reply, ECF No. 194). While Defendants' motion for leave remained pending, on October 5, 2021, Plaintiff moved for

leave to file a sur-reply in opposition to Defendants' substantive motion. (Mot. for Leave to File Sur-reply, ECF No. 195). On October 12, 2021, I granted both parties leave to file their additional briefs and directed the Clerk to docket them. (Orders, ECF No. 196, 198; *see also* Reply, ECF No. 197; Sur-reply, ECF No. 199). Plaintiff moved again on November 5, 2021, for leave to file additional briefing on these matters, this time a "supplement" to its Motion for an Extension of the Discovery Deadline. (Mot. for Leave to File Supplement, ECF No. 203). Later that day I granted the requested leave and directed the Clerk to docket the supplement.[8] (Order, ECF No. 204; *see also* Supplement, ECF No. 205).

## II.    LEGAL STANDARD

Both Plaintiff's Motion for an Extension of the Discovery Deadline and Defendants' Motion for a Protective Order require a showing of good cause. Under Federal Rule of Civil Procedure 16(b)(4), a discovery schedule "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *see also* J. Jones's Policies and Procedures: General Matters, Civil Cases, and Criminal Cases, at 9 (Rev. Oct. 29, 2020) ("the Court will consider motions for extension of discovery deadlines upon showing of good cause"). Good cause in this context requires "the party seeking the extension [to] show it could not have pursued its discovery more diligently . . . ." *Creghan v. Procura Mgmt., Inc.*, No. 14-1847, 2015 WL 12819210, at *3 (E.D. Pa. June 22, 2015) (citing *Chancellor v. Pottsgrove Sch. Dist.*, 501 F. Supp. 2d 695, 701 (E.D. Pa. 2007)); *see* FED. R. CIV. P. 16(b) advisory committee's note ("the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite

---

[8] On November 15, 2021, Defendants moved to file its own supplemental briefing. (Mot. for Leave to File Supplement, ECF No. 206). The Court has issued an Order alongside this Memorandum denying Defendants' motion. (Order, ECF No. 207).

the diligence of the party seeking the extension"); *see also Jaworski v. N.J. Tpk. Auth.*, No. 05-4485, 2007 WL 9783303, at *1 (D.N.J. June 19, 2007) ("a finding of good cause depends on the diligence of the moving party . . . [who] must show that the deadlines cannot be reasonably met despite its diligence") (internal quotation omitted; alteration in *Jaworski*), *reconsideration denied*, 2008 WL 11510370 (D.N.J. Feb. 28, 2008).  The Third Circuit "will not interfere with the discretion of the district court by overturning a discovery order absent a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible."  *Lehman Bros. Holdings, Inc. v. Gateway Funding Diversified Mortg. Servs., L.P.*, 785 F.3d 96, 102 (3d Cir. 2015) (quoting *Hewlett v. Davis*, 844 F.2d 109, 113 (3d Cir. 1988)).

Federal Rule of Civil Procedure 26(c)(1) authorizes a court to issue a protective order forbidding discovery upon a showing of good cause by the movant.  FED. R. CIV. P. 26(c)(1).  A court may issue such an order where the discovery requests are untimely.  *See, e.g., DelPalazzo v. Horizon Grp. Holding, LLC*, No. 19-5682-KSM, 2021 WL 1546229, at *3 (E.D. Pa. Apr. 20, 2021).  Under Federal Rule of Civil Procedure 34(b)(2)(A), a party has 30 days to respond to document requests.  FED. R. CIV. P. 34(b)(2)(A); *see also* FED. R. CIV. P. 33(b)(2), 36(a)(2) (same amount of time to respond to interrogatories and requests for admission (RFAs)).  "Courts in this and other Circuits have interpreted these provisions as requiring that discovery requests 'be served at least thirty days prior to a completion of discovery deadline.'" *DelPalazzo*, 2021 WL 1546229, at *2 (quoting *Thomas v. Pacificorp*, 324 F.3d 1176, 1179 (10th Cir. 2003)) (additional citations omitted); *see also Whitman v. Proconex, Inc.*, No. 08-2667, 2009 WL 113740, at *4 (E.D. Pa. Jan. 14, 2009) ("In the absence of a stipulation between the parties that a shorter response time be permitted, 'requests must be served at least thirty days prior to [a] completion

of discovery deadline.'") (quoting *Thomas*, 324 F.3d at 1179) (alteration added).

## III.    THE PARTIES' ARGUMENTS

### A.    Plaintiff

In its Motion for an Extension of the Discovery Deadline, Plaintiff insists that good cause exists for an extension of the discovery deadline set by Judge Jones because of "the complex nature of the challenged counts and the circumstances surrounding the necessary factual discovery . . . ." (Mot. for Ext., ECF No. 189, at 1). Plaintiff takes the position that Judge Jones's Order required it "to generate all necessary discovery" regarding SAC Counts V through VIII and XIII and submits that it actually issued the RFPs timely because it "presented" them within the 45-day period and because it would not have been "reasonable" for Judge Jones to require that both the requests and responses "be completed in that time frame." (*Id.* at 2 n.3, 3). It claims that counsel "immediately began to meticulously draft" the RFPs after Judge Jones issued his Order but that counsel "required that amount of time to consult [his] client and adequately prepare, draft, and review" them. (*Id.* at 2). Plaintiff also requests more time to prepare additional discovery requests and maintains that Defendants' earlier failure to file an Answer admitting or denying each allegation in the SAC prevented it from determining which RFAs it needed.[9] (*Id.* at 2-4). According to Plaintiff, "it is apparent that the parties will have an

_____

[9] On August 4, 2021, Plaintiff filed its Motion to Deem Certain Allegations in Plaintiff's Complaint Admitted in order to address the purported deficiencies in Defendants' Answer. (Mot. to Deem Admitted, ECF No. 182). On October 15, 2021, I denied Plaintiff's motion without prejudice and ordered Defendants to file an Amended Answer compliant with Federal Rule of Civil Procedure 8 within 14 days. (Order, ECF No. 201). Defendants filed their Amended Answer on October 29, 2021. (Am. Answer, ECF No. 202). Plaintiff acknowledges that the Amended Answer complies with Rule 8 "for the most part." (Supplement, ECF No. 205, at 2).

ongoing dispute regarding the permissible scope of the ordered discovery," and a 90-day extension will permit the parties to present, and the Court to resolve, these additional disputes. (*Id.* at 4-5).

In its supporting supplement, submitted after Defendants filed their Amended Answer, Plaintiff contends that that filing "dramatically switched the Agency's position on key issues effecting [sic] jurisdictional discovery in this matter" and that "[t]hese radically changed positions and responses" confirm the need for an extension of the discovery deadline. (Supplement, ECF No. 205, at 1).  It repeats its claim that it could not issue RFAs because of the deficiencies in the prior Answer and adds that "these changed responses also impact the scope of the document and interrogatory requests already propounded that are necessary to resolve EPA's extant jurisdictional challenges."  (*Id.* at 2).  Plaintiff contends that the Amended Answer "was not presented in good faith" and that Defendants changed half of the responses in it, including those related to Counts V through VII, such that Defendants now deny nearly all Plaintiff's substantive allegations.  (*Id.* at 2-3).  It maintains that Defendants claimed not to understand terms commonly used in its own regulations, denied allegations based upon facts not included therein and denied "allegations that are objectively accurate based upon the records before the Court . . . ."  (*Id.* at 3).  Plaintiff provides examples from Defendants' Amended Answer where they allegedly engage in this conduct. (*Id.* at 4-6).

In its opposition to Defendants' Motion for a Protective Order, Plaintiff argues that Defendants "broadly mischaracterize[ ] the discovery granted by the Court" as limited only to the jurisdictional issues surrounding Count V, VI and VII.  (Resp. to Mot. for Pro. Order, ECF No. 193, at 2).  It contends that Judge Jones's Order "was the first-time discovery was expressly granted," such that Plaintiff "had no occasion to initiate the drafting process" previously, and that

the Order permitted all "*necessary* factual discovery" on Counts V, VI, VII and XIII, not just

"specific jurisdictional discovery" as to the first three counts.  (*Id.* at 2, 8 (quoting Order, ECF

No. 181) (emphasis added by Plaintiff)).  In fact, it posits that the Order also permitted discovery

as to Counts VIII and IX because Judge Jones intended it, "at a minimum, to cover the various

Counts that EPA sought to dismiss . . . ."  (*Id.* at 3).  Plaintiff claims that it requires discovery on

twelve topics "to decide whether a final agency action exists" as to the events underlying Counts

V through VIII and on five acts taken by Defendants "to create the factual record to support the

alleged bias" for Count XIII.  (*Id.* at 4-7).

In addition, Plaintiff insists that Defendants' motion is unreasonable in light of the

lengthy history of the case, the procedural posture, and the fact that it propounded the RFPs only

four days late.  (*Id.* at 8).  Plaintiff blames Defendants for waiting three weeks to raise the

untimeliness of the RFPs.  (*Id.*).  It then restates several arguments asserted in its motion,

including that it could not have drafted its RFAs due to Defendants' deficient Answer, that it

"[i]mmediately" began preparing its other discovery requests but could not complete them within

15 days, that it is "not reasonable" to interpret Judge Jones's Order as requiring it to do so, and

that it "timely served" its RFPs "within" the 45 days set by the Order.  (*Id.* at 8-10).  It maintains

that the cases cited in Defendants' motion are distinguishable because they allowed substantially

more time than 15 days to "complete the 'necessary discovery' requests."  (*Id.* at 9).  Plaintiff

concludes by denying that Defendants will suffer any prejudice from an extension and by noting

that Defendants offered only to produce documents in response to select RFPs and "on a rolling

basis."  (*Id.*).

In its sur-reply, Plaintiff accuses Defendants of ignoring its explanation regarding the

relevance of the requested documents to the jurisdictional disputes, even if these disputes

"overlap" with the merits issues.  (Sur-reply, ECF No. 199, at 1-2).  It asserts that Defendants have failed to "specifically address how the documents requested are not 'relevant' to deciding jurisdiction" or to provide their view as to the permissible scope of jurisdictional discovery that the parties agree was ordered.  (*Id.* at 2).  Next, it characterizes Defendants' position as requiring Plaintiff either to issue all discovery requests within 15 days, to seek "an immediate extension if that compressed schedule was not sufficient," or to lose the right to jurisdictional discovery.  (*Id.* at 3).  It urges that such "extreme relief" is inconsistent with the caselaw and notes that it moved for an extension within the 45-day period.  (*Id.*).  It also reasserts that Defendants would not suffer prejudice from an extension.  (*Id.*).

### B.    Defendants

In their response, Defendants point out that in Plaintiff's earlier briefing seeking leave to amend it only requested limited jurisdictional discovery as to Counts V, VI, and VII, which was necessary to determine the finality of the agency actions at issue in those APA claims; accordingly, I granted only this discovery in my February 6, 2020, Memorandum.  (Resp. to Mot. for Ext., ECF No. 192, at 2).  However, it notes that Plaintiff requested no discovery as to its due process claim, presumably because Defendants did not assert a lack of finality or otherwise contest jurisdiction.  (*Id.* at 2, 4).  In the accompanying Memorandum, I opined that this claim involves "a factual matter to be decided at a later time in this litigation after further record development;" however, Defendants maintain that I was referring only to subsequent fact discovery to be conducted after the close of the pleadings.  (*Id.* at 3-4 (quoting Memo., ECF No. 154, at 13)).  Defendants observe that, even now in Plaintiff's motion, it requests "factual discovery" on this claim, not jurisdictional discovery, but they insist that such discovery is premature.  (*Id.* (citing cases from the Third, Fifth and Eleventh Circuit Courts of Appeals)).

Further, Defendants assert that Plaintiff has no basis for its demand for discovery on Count VIII, of which I made no mention in my Order or Memorandum.[10]  (*Id.* at 2-3; *see also* Memo, ECF No. 154; Order, ECF No. 155).

Defendants describe Plaintiff's pursuit of discovery as "lackadaisical" and protest that it could have served requests any time after my February 6, 2020, Order.  (Resp. to Mot. for Ext., ECF No. 192, at 5).  They contend that, in violation of Rule 34, Plaintiff instead waited nearly three weeks into the extended 45-day jurisdictional discovery period to issue 55 RFPs primarily seeking merits discovery without ever seeking an extension until Plaintiff objected to the requests as untimely and overbroad.  (*Id.* at 5-6).  Plaintiff then, in Defendant's view, compounded its discovery violations by issuing interrogatories also seeking merits discovery only three days prior to Judge Jones's deadline to *complete* discovery.  (*Id.* at 6).  They point out that Plaintiff first asserted a need for this discovery in its October 2019 motion for leave to amend briefing, yet, "[t]o hear Telford tell it, . . . instead of seeking jurisdictional discovery on issues it has long pursued during the 45-day discovery period" set by Judge Jones's August 2021 Order, that Order "suddenly sprung upon Telford the burden to address novel, complicated issues of which it had little understanding."  (*Id.* at 7).  Defendants indicate that to resolve this dispute they offered to respond to the five RFPs, although untimely, that sought jurisdictional discovery, but Plaintiff refused.  (*Id.* at 1 n.1).

Defendants also reject the notion that a diligent party would require nearly three weeks to draft interrogatories and six weeks to draft interrogatories, even if the discovery had not been

---

[10]  As noted, Count VIII was Count XI at the time of my ruling on Plaintiff's Motion for Leave to File Amended Complaint.  (FAC, ECF No. 145-1, at ¶¶ 399-403).  Plaintiff's proposed FAC included a different "Count VIII," but I denied leave to amend as to that claim.  (*Id.* at ¶¶ 380-84).

requested nearly two years ago and ordered nearly 18 months ago.  (*Id.*).  They observe that in this district parties receive only 14 days to respond to motions even though they may contain complex legal arguments never seen before by the party, whereas discovery requests "are fully within the control of the serving party and . . . require no analysis to draft beyond the serving party's own understanding of its claims or defenses."  (*Id.* at 8).  They counter Plaintiff's argument that Judge Jones normally permits three to six months for discovery by pointing to his Policies and Procedures stating that he tailors discovery to each case and that he "had authorized only limited jurisdictional discovery – not factual, merits discovery – when [he] established the 45-day discovery period."  (*Id.* at 8 n.14 (citing J. Jones's Policies and Procedures: General Matters, Civil Cases, and Criminal Cases, at 10)).  Summing up Plaintiff's discovery efforts, they conclude: "To describe Telford's conduct as 'diligent' would remove all meaning from the word."  (*Id.* at 8 (citing *Lehman Bros. Holdings, Inc.*, 785 F.3d at 102)).

Defendants close their response brief by opposing Plaintiff's contention that good cause exists for an extension in light of its earlier Motion to Deem Certain Allegations in Plaintiff's Complaint Admitted.  (*Id.* at 9; *see also* Mot. to Deem Admitted, ECF No. 182).  They argue that Plaintiff "has not identified a single allegation that it believes the Court should deem admitted that would help establish" the finality of any of the challenged actions underpinning Counts V, VI, or VII and that Plaintiff acknowledged in that motion that it cannot take discovery on these claims.  (Resp. to Mot. for Ext., ECF No. 192, at 9 (citing Memo. in Supp. of Mot. to Deem Admitted, ECF No. 182-1, at 10 n.1)).  They also assert that, in any event, Plaintiff did not act diligently in waiting until after Judge Jones's Order to file the motion because it would have known at that time whether the required RFAs hinged upon the outcome of the motion, yet it failed to file for an extension or expedited review at that juncture either.  (*Id.* at 10).

Defendants' Motion for a Protective Order overlaps considerably with its response to Plaintiff's motion.  Defendants again state their positions that Judge Jones permitted only the limited jurisdictional discovery I had previously authorized, that Plaintiff had never sought any other discovery, that almost all the discovery requests exceed the scope of authorized discovery and that Plaintiff untimely served the requests despite having nearly 18 months to do so.  (Mot. for Pro. Order, ECF No. 190, at ¶¶ 3-6, 8-10, 12).  They cite caselaw for the proposition that a party is "'not entitled to the information sought in [an] untimely request [where] the [party] could have sought [the information] easily earlier in the discovery period,' and there were no extenuating circumstances preventing the [party] from doing so."  (*Id.* at ¶ 7 (quoting *Whitman*, 2009 WL 113740, at *4)).  They note that a protective order is warranted "where a party faces discovery requests that go beyond the bounds allowed by the court."  (*Id.* at ¶ 11 (citing *Reconstructive Orthopaedic Assocs. II, P.C. v. Specialty Care Network, Inc.*, No. CIV.A. 99–5329, 2000 WL 1470222, at *4 (E.D. Pa. Oct. 3, 2000))).  Additionally, Defendants claim that the RFPs unrelated to jurisdiction are vague, overbroad and unduly burdensome and provide examples that, in their view, illustrate these deficiencies.  (*Id.* at ¶¶ 13-21).

In their reply, Defendants reiterate that the Court's Orders and relevant case law limit pre-motion-to-dismiss discovery to that concerning jurisdiction.  (Reply, ECF No. 197, at 1).  They cite five reasons why Plaintiff's insistence on "carte blanche merits discovery on any issues related to the counts that EPA sought to dismiss" before Judge Jones is misplaced:

> (1) nothing in any order issued by this Court could be construed as granting even jurisdictional discovery on every count EPA moved to dismiss, let alone merits discovery; (2) of the counts it moved to dismiss, EPA disputes subject-matter jurisdiction only as to Counts V, VI, and VII; (3) Counts V, VI, and VII are the only remaining counts for which Telford has long argued discovery was necessary prior to proceeding to a motion to dismiss; (4) Counts V, VI, and VII are the only remaining counts upon which the Court concluded

13

> jurisdictional discovery was necessary in February 2020; and (5)
> the Court, which is thoroughly familiar with this matter and
> usually provides three-to-six months for merits discovery,
> nevertheless provided Telford only 45 days to complete discovery
> in advance of EPA renewing its Motion to Dismiss.

(*Id.* at 2-3 (internal citations omitted)).

Defendants further assert that Plaintiff's position is "entirely inconsistent with how the litigation process works . . . ." (*Id.* at 3). They explain that a plaintiff may not obtain merits discovery as of right with the filing of a complaint, but only after the defendant has had the opportunity to challenge the sufficiency of the claims as pled. (*Id.*). Citing cases from the Fifth, Eighth and Eleventh Circuit Courts of Appeals, as well as from the District of New Jersey, Defendants observe that, other than court-ordered jurisdictional discovery, "[a] party . . . may not avail itself of discovery to cure pleading deficiencies." (*Id.* at 4 (citations omitted)). Defendants conclude that "Telford's unsupported belief that it is entitled to far ranging merits discovery on its claims (APA and due process alike) in advance of EPA's renewed Motion to Dismiss is wholly without merit." (*Id.*).

Regarding the timeliness of the discovery requests, Defendants accuse Plaintiff of attempting "to pass the buck" by arguing, "[w]ithout any sense of irony, [that] it is entitled to an extension because EPA should have brought Telford's clear violation of the Rules to Telford's attention sooner." (*Id.* at 6 (citing Resp., ECF No. 193, at 8)). They also reassert that Plaintiff failed to pursue diligently discovery that it first requested nearly two years ago or, at a minimum, seek an extension upon the issuance of Judge Jones's Order. (*Id.* at 7). Instead, according to Defendants, Plaintiff effectively granted itself a discovery extension without seeking the consent of either the Court or Defendants. (*Id.*). It also restates its opposition to granting Plaintiff an extension on the basis of its Motion to Deem Certain Allegations in Plaintiff's Complaint

Admitted, claiming that "a party who relies upon a pending, unopposed motion – particularly one filed *after* the discovery deadline was set – to explain why it did not pursue all of the discovery it believes it may need within the Court-allotted time could hardly be characterized as 'diligent,' let alone 'fully diligent.'" (*Id.* at 9 (emphasis in original)).  Lastly, they note that although Plaintiff purports to distinguish their cited cases regarding diligence, it is Plaintiff that fails to "muster a solitary citation to a case excusing untimely service under facts similar to those here." (*Id.*).  Defendants close by specifically redirecting the Court to *Nesselrotte v. Allegheny Energy, Inc.*, No. 06-01390, 2008 WL 1925107, at *2-3 (W.D. Pa. Apr. 30, 2008), where "the court declared discovery requests served 27 days in advance of the discovery deadline untimely under the Rules because the serving party was aware of the issues upon which it sought discovery for a little over a year." (Reply, ECF No. 197, at 8; *see also* Mot. for Pro. Order, ECF No. 190, at ¶ 6 (citing *Nesselrotte*)).

## IV.     DISCUSSION

### A.     My February 6, 2020, Order

As Defendants observe, merits discovery was simply not on the table at the time that I issued my February 6, 2020, Order granting in part and denying in part Plaintiff's Motion for Leave to File an Amended Complaint.  The parties were still sorting out which claims were legally sufficient and could remain in the case, as evidenced by Defendants' subsequently filed Motion for Reconsideration of the Order and Motion to Dismiss several claims in the SAC.  (*See* Mot. for Recon., ECF No. 156; Mot. to Dismiss, ECF No. 171).  "Discovery should *follow* the filing of a well-pleaded complaint." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) (emphasis added).  "Facial challenges to the legal sufficiency of a claim or defense, such as a

motion to dismiss based on failure to state a claim for relief, should, however, be resolved *before* discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (emphasis added); *see also Top v. Ocean Petroleum, LLC*, No. 10-1042, 2010 WL 3087385, at *3 (D.N.J. Aug. 3, 2010) (a motion to dismiss "essentially represents a checkpoint that must be cleared before a plaintiff can reach the discovery stage of litigation") (citing *Mann v. Brenner*, 375 F. App'x 232, 239 (3d Cir. 2010)).  Here, the claims in Plaintiff's complaint were subject to ongoing challenges to their legal sufficiency and it would have been inappropriate for me to order that merits discovery begin prior to the resolution of these disputes.

The Eleventh Circuit Court of Appeals has provided an ample explanation of the need to weed out legally deficient claims prior to engaging in discovery:

> Although mechanisms for effective discovery are essential to the fairness of our system of litigation, they also carry significant costs . . . . Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.
>
> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons,

> any legally unsupported claim that would unduly enlarge the scope
> of discovery should be eliminated before the discovery stage, if
> possible. Allowing a case to proceed through the pretrial processes
> with an invalid claim that increases the costs of the case does
> nothing but waste the resources of the litigants in the action before
> the court, delay resolution of disputes between other litigants,
> squander scarce judicial resources, and damage the integrity and
> the public's perception of the federal judicial system.

*Chudasama*, 123 F.3d at 1367-68 (internal citations omitted).

Jurisdictional discovery is an exception to the normal rule against discovery prior to a motion to dismiss. "Jurisdictional discovery may be permitted when the existing record is 'inadequate' to support . . . jurisdiction and a party demonstrates that it can supplement its jurisdictional allegations through discovery." *Senju Pharm. Co., Ltd. v. Metrics, Inc.*, 96 F. Supp. 3d 428, 435 (D.N.J. Mar. 31, 2015). To this end, Plaintiff asserted in its motion for leave briefing that "jurisdictional discovery would be permissible to resolve" whether Defendants' conduct underlying Counts V, VI and VII constituted "final agency actions" such that the Court would have jurisdiction over the claims under the APA. (*See* Reply in Supp. of Mot. for Leave to Am., ECF No. 152, at 3 ("At the very least, the parties should be permitted to engage in limited discovery to determine" the finality of the challenged acts.)). But Plaintiff did not request, and could not have requested, substantive merits discovery. (*See generally* Mot. for Leave to Am., ECF No. 143; Reply in Supp. of Mot. for Leave to Am., ECF No. 152; *see Chudasama*, 123 F.3d at 1367; *Kaylor*, 661 F.2d at 1184; *Top*, 2010 WL 3087385, at *3). Accordingly, I did not allow any. Rather, I noted Plaintiff's request for "limited jurisdictional discovery" to resolve the finality issues, opined that such "further factual development" was required, and granted leave to amend to add Counts V, VI and VII because they were not "plainly futile" on the existing record. (Memo., ECF No. 154, at 8-9).

But Plaintiff posits that my Order did not "expressly grant[ ]" any jurisdictional discovery either.  (Resp. to Mot. for Pro. Order, ECF No. 193, at 3).  I disagree.  I specifically noted that Plaintiff had requested "limited jurisdictional discovery" and that additional "factual development" – resulting from such discovery – was necessary to resolve the jurisdictional issues.  (Memo., ECF No. 154, at 8-9).  I therefore granted leave to amend to add Counts V, VI and VII because they were not "plainly futile" on the existing record.  (Memo., ECF No. 154, at 8-9).

**B.       Judge Jones's August 2, 2021, Order**

Judge Jones's August 2, 2021, Order on Defendants' Motion to Dismiss was similarly limited to jurisdictional discovery.  Judge Jones denied that motion as "premature" and "without prejudice" based upon my Order and Memorandum.  (Order, ECF No. 181).  In doing so, he also construed them to have permitted discovery to resolve the jurisdictional issues.  (Order, ECF No. 181).  He quoted my finding that "further factual development" was required to address "the finality of the actions at issue," but concluded that, due to the intervening motions for reconsideration and to dismiss, the parties had not "engage[d] in the factual discovery that both Judge Sitarski and the Court find necessary to properly determine the veracity of the arguments" regarding finality and jurisdiction.  (*Id.*).  Consequently, he provided the parties "**forty-five (45) days from the date of this Order** to engage in the necessary factual discovery" to resolve the jurisdictional issues, prior to filing "any motions" warranted by the discovery.  (*Id.* (emphasis added)).

However, according to Plaintiff, Judge Jones's Order was not limited to "specific jurisdictional discovery" on Counts V, VI and VII, but encompassed *all* discovery – jurisdictional or otherwise – on all the claims attacked in Defendant's Motion to Dismiss.  (*Id.*).

18

Plaintiff's reading of Judge Jones's Order is off-base for at least three reasons.  First, the only discovery requested by Plaintiff to that point was "limited jurisdictional discovery" on Counts V, VI and VII, not complete merits discovery on nearly half the claims in the SAC.  (Reply in Supp. of Mot. for Leave to Am., ECF No. 152, at 3).  Thus, Judge Jones had no occasion to order full-blown merits discovery on any claims or, in fact, any discovery other than the requested jurisdictional discovery on Counts V, VI and VII.

Second, under Plaintiff's interpretation of the Order, Judge Jones, despite being familiar with this matter after having presided over it for nearly nine years, reduced the discovery period from his "generally permit[ted] 3-6 months" to just 45 days without so much as acknowledging this substantial deviation from his established Policies and Procedures, even though he normally *extends*, not shortens, the discovery period for "more complex litigation" like this case.  *See* J. Jones's Policies and Procedures: General Matters, Civil Cases, and Criminal Cases, at 10 ("Judge Jones generally permits 3-6 months of discovery, except for more complex litigation."); *see also* Mot. for Ext., ECF No. 189, at 1, 2 nn. 3-4, 3-4 (asserting that this case is "complex").  This interpretation defies logic and conflicts with the far more reasonable reading that Judge Jones allowed only 45 days for discovery because it was limited in its nature and to only a few counts.

Third, Judge Jones specified in his Order that he was denying Defendants' Motion to Dismiss merely as "premature" and thus "without prejudice" to refiling after the Court-ordered discovery.  (Order, ECF No. 181).  If Judge Jones had ordered merits discovery while there were ongoing challenges to the legal sufficiency of Plaintiff's claims as pled, that ruling would have been at odds with a substantial body of case law holding that such discovery is appropriate only after these challenges have been resolved.  *See, e.g., Chudasama*, 123 F.3d at 1367; *Kaylor*, 661 F.2d at 1184; *Top*, 2010 WL 3087385, at *3.

Nonetheless, Plaintiff interpreted Judge Jones's Order as limited neither to Counts V, VI and VII nor to jurisdictional discovery.  (Resp. to Mot. for Pro. Order, ECF No. 193, at 3).  Yet, while reading the Order so expansively, it unilaterally decided that the 45 days provided therein was not a "reasonable" amount of time to complete so much discovery and that it was therefore not bound by that time constraint.  (Mot. for Ext., ECF No. 189, at 2 n.3).  Thus, Plaintiff issued RFPs without providing Defendants the requisite 30 days to complete them by the discovery deadline and only moved for an extension nearly three weeks later after Defendants pointed out their untimeliness and after Plaintiff rejected Defendant's offer to respond to only the RFPs pertaining to jurisdiction.  (First RFPs, ECF No. 190-2; Email Exch., ECF No. 190-1, at 1-3; Mot. for Ext., ECF No. 189; *see also* FED. R. CIV. P. 34(b)(2)(A)).  Apparently confident that the requested extension would be forthcoming, Plaintiff then issued interrogatories with just a few days remaining in the discovery period.  (First Interrogatories, ECF No. 192-1).

Plaintiff posits that the discovery requests were actually timely because it issued them "*within* the initial 45-day period identified in the Court's order."  (Resp. to Mot. for Pro. Order, ECF No. 193, at 9 (emphasis added)).  I find no support in Judge Jones's Order for Plaintiff's self-serving reading.  The Order stated that the parties would have 45 days "to engage" in discovery.  (Order, ECF No. 181).  Plaintiff does not dispute that the Federal Rules of Civil Procedure provide Defendant 30 days to respond to the requests.  (*See* First RFPs, ECF No. 190-2, at 1 (noting 30 days to respond); First Interrogatories, ECF No. 192-1 (same)).  Therefore, if Defendants utilized their allotted 30 days to respond, as was their right, they would be "engaging" in discovery beyond the date set by Judge Jones.  (*See* FED. R. CIV. P. 33(b)(2), 34(b)(2)(A)).  This fact is fatal to Plaintiff's reading.  Further, I note that courts customarily set

deadlines by which discovery must *conclude*, not open-ended periods that indicate only when discovery must *begin*.

### C.  Good Cause

Faced with Judge Jones's clear language requiring the parties to complete the Court-ordered discovery within 45 days, Plaintiff proffers several reasons that "good cause" purportedly exists for an extension.  Plaintiff complains that Defendants took 20 days before objecting to the RFPs as untimely, but it was not Defendants' responsibility to interpret the Court's clearly worded orders for Plaintiff.  (Resp. to Mot. for Pro. Order, ECF No. 193, at 8).  It further posits that good cause exists because even though Plaintiff "immediately began" drafting the RFPs after Judge Jones's Order, it required more than the 15 days allotted to complete them.  (Mot. for Ext., ECF No. 189, at 2).  But Plaintiff has failed to demonstrate the diligence necessary for an extension.  Fed. R. Civ. P. 16(b) advisory committee's note; *Creghan*, 2015 WL 12819210, at *3; *Jaworski*, 2007 WL 9783303, at *1.  First, Plaintiff's alleged inability to craft its discovery requests in the time provided was based upon its own misinterpretation that the Order addressed all merits discovery on the claims challenged in the Motion to Dismiss, not simply jurisdictional discovery on Counts V, VI and VII.  Judge Jones clearly believed that a diligent party would be able to issue these limited requests within 15 days, as evidenced by his Order providing that amount of time, and I agree.

Second, Judge Jones's Order must be viewed in context.  Contrary to Plaintiff's assertions, the Order did not simply spring upon it a two-week deadline to complete discovery on "novel" issues with which it had had no exposure and through which it needed to work.  (*See* Mot. for Ext., ECF No. 189, at 2 & n.2).  Rather, Plaintiff must have already grasped the issues at stake in the jurisdictional discovery, which it first requested in its motion for leave briefing in

October 2019 and I authorized in February 2020.  (Reply in Supp. of Mot. for Leave to Am.,
ECF No. 152, at 3-6; Order, ECF No. 155).  Indeed, it was only due to Defendants' subsequently
filed Motion for Reconsideration and Motion to Dismiss that Judge Jones gave the parties even
these *additional* 45 days to complete jurisdictional discovery.  (*See* Order, ECF No. 181 (finding
that the parties had been unable to engage in this discovery set forth in my February 6, 2020,
Memorandum because of this ongoing motion practice)).

Third, if Plaintiff truly believed that it could not complete this discovery – although
limited to the issue of subject matter jurisdiction on three claims, first Court-ordered nearly a
year and a half ago and first requested four months before that – by the established deadline, it
should have requested an extension upon the issuance of the Order.  Instead, it arrogated to itself
an extension without seeking the consent of the Court or Defendants, then moved for an order
validating the extension it had already taken after Defendants objected to the RFPs as untimely.

Similarly, Plaintiff contends in its motion that it could not issue RFAs by the deadline
established by the Order because the Answer Defendants filed in response to the SAC failed to
admit or deny each allegation contained therein such that Plaintiff could determine which RFAs
it needed.  (Mot. for Ext., ECF No. 189, at 4).  In its supporting supplement, it adds that it would
also have issued different RFPs and interrogatories had it received the Amended Answer before
propounding these discovery requests.  (Supplement, ECF No. 205, 2, 4, 6).  However, even
assuming that Plaintiff would have issued additional or different discovery requests if it had
Defendants' Answer in its current form, this alleged fact does not aid Plaintiff in establishing
good cause because Plaintiff failed to act diligently either in pursuing the discovery it believed
was necessary based upon the responses in the prior Answer or in addressing the alleged
problems with those responses.  As noted, Plaintiff delayed issuance of the RFPs and

interrogatories until less than the required 30 days remained in the discovery period.  (First

RFPs, ECF No. 190-2; First Interrogatories, ECF No. 192-1; *see also* FED. R. CIV. P. 33(b)(2),

34(b)(2)(A)).  Further, Plaintiff waited over three months after receiving the prior Answer, and

until after Judge Jones's Order, to file its Motion to Deem Certain Allegations in Plaintiff's

Complaint Admitted, through which Plaintiff purportedly sought to determine which RFAs to

issue.  (Answer, ECF No. 170; Mot. to Deem Admitted, ECF No. 182).  But Plaintiff never

requested an expedited briefing schedule and consideration of that motion even though

Defendants' response date was the day *after* the 15-day mark by which Plaintiff had to serve the

RFAs (or other discovery requests) in order for them to be issued timely pursuant to the Order

and Rule 36(a)(2).  FED. R. CIV. P. 36(a)(2); LOC. R. CIV. P. 7.1(c).  These dilatory acts hardly

establish the diligence required for a finding of good cause.

 Without citing any supporting cases, Plaintiff also argues that good cause for an

extension exists because Defendants have identified no prejudice if the extension is granted,

because the RFPs were issued only four days late, because the case has been pending for a long

time, because the pleadings recently closed and because Defendants' offer to respond to the

RFPs was limited to producing documents "on a rolling basis."  (Resp. to Mot. for Pro. Order,

ECF No. 193).  But good cause "hinges on diligence of the movant, and not prejudice to the non-

moving party," the length of the delay, or any other factor.  *ICU Med., Inc. v. RyMed Techs.,

Inc.*, 674 F. Supp. 2d 574, 578 (D. Del. Dec. 16, 2009) (quoting *Roquette Freres v. SPI Pharma,

Inc.*, No. 06-540-GMS, 2009 WL 1444835, at *4 (D. Del. May 21, 2009)); *see* 7 JAMES WM.

MOORE ET AL., MOORE'S FEDERAL PRACTICE § 16.14[1][b] (Matthew Bender 3d ed.) ("The

existence or degree of prejudice to the party opposing modification may supply an additional

reason to deny a motion to modify a scheduling order, but it is irrelevant to the moving party's

exercise of diligence and does not show good cause."); *see also Nesselrotte v. Allegheny Energy, Inc.*, No. 06-01390, 2008 WL 1925107, at *2 (W.D. Pa. Apr. 30, 2008) (finding no good cause for propounding written discovery requests three days late where the party had been aware of the issues addressed therein for at least one month).

"'Good cause' for amending a scheduling order means that scheduling deadlines cannot be met despite a party's diligent efforts.  Thus, the party seeking an extension must show that, despite due diligence, it could not have reasonably met the scheduled deadlines."  7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 16.14[1][a]; *see* FED. R. CIV. P. 16(b) advisory committee's note (good cause requires a showing that deadline "cannot reasonably be met" notwithstanding the movant's diligence); *Jaworski*, 2007 WL 9783303, at *1 (same); *see also Creghan*, 2015 WL 12819210, at *3 (a finding of good cause requires that the discovery could not have been pursued "more diligently").  "If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, Plaintiff's failure to abide by the discovery deadline established by Judge Jones appears to have resulted primarily from a combination of the following errors: its misreading of my February 6, 2020, Order as not authorizing any discovery, which allegedly caused Plaintiff not to start on any requests until after Judge Jones's August 2, 2021, Order; its misreading of Judge Jones's Order as requiring that the parties issue all discovery requests on the claims challenged in Defendants' Motion to Dismiss, as opposed to only jurisdictional discovery on Counts V through VII, such that there were purportedly too many requests for Plaintiff to complete within 15 days; its misreading of Judge Jones's Order as setting the deadline for discovery to *begin* rather than *conclude*; its reliance upon a pending, opposed motion to provide timely guidance as to what RFAs were needed; and its failure to seek clarification or an

extension upon the issuance of Judge Jones's Order.  However, "[c]arelessness or oversight is not compatible with a finding of diligence and provides no reason to grant relief."  7 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 16.14[1][b] (citing *Banks v. City of Phila.*, 309 F.R.D. 287, 290-91 (E.D. Pa. 2015)).  Further, "[a]s a general rule, a client assumes the risk of his or her attorney's actions, and cannot establish good cause for modification based on the attorney's negligence or inadvertence."  *Id.* § 16.14[1][a].

Lastly, Plaintiff attempts to distinguish all of Defendants' cited cases on the basis that those courts "allowed far more than 15 days to develop, review, and complete the 'necessary discovery requests.'"[11]  (Resp. to Mot. for Pro. Order, ECF No. 193, at 9).  But, as noted, this Court did, too.  I first authorized jurisdictional discovery in my February 6, 2020, Order and accompanying Memorandum, 18 months prior to Judge Jones's Order.  (Memo., ECF No. 154; Order, ECF No. 155).  Judge Jones then provided the parties an additional 45 days to complete discovery because they had been engaged in other matters, such as the briefing on the motions for reconsideration and to dismiss.  (Order, ECF No. 181).  It must also be kept in mind that Judge Jones was setting a deadline only as to limited jurisdictional discovery on three of the 13 claims in the SAC.  Clearly, he believed that 15 additional days would suffice for Plaintiff, acting diligently, to issue a relatively small number of written discovery requests concerning issues about which it had known since at least October 2019 when it first raised its need for this information.  (Reply in Supp. of Mot. for Leave to Am., ECF No. 152, at 3-6).  I agree and find

---

[11]  Plaintiff attempts to distinguish only *DelPalazzo* specifically.  (Resp. to Mot. for Pro. Order, ECF No. 193, at 9 n.11).  She points out that in that case the plaintiff did not serve written discovery requests until the final day of the discovery period notwithstanding repeated extensions lasting nearly a year.  (*Id.*; *see also DelPalazzo*, 2021 WL 1546229, at *3).

that Plaintiff has not established the good cause required for an extension.  Accordingly, I shall deny its motion.

Because Plaintiff has failed to obtain an extension, the discovery requests it issued remain untimely.  Good cause exists for an order protecting Defendants from having to respond to these late discovery requests.  *See DelPalazzo*, 2021 WL 1546229, at *3; *Reconstructive Orthopaedic Assocs. II, P.C.*, 2000 WL 1470222, at *4; *see also* Federal Rule of Civil Procedure 26(c)(1). Accordingly, I shall grant Defendants' motion.

## V.   CONCLUSION

For the foregoing reasons, I shall deny Plaintiff's Motion for an Extension of the Discovery Deadline and grant Defendants' Motion for a Protective Order Against Plaintiff's Discovery Requests.  Because the discovery period set forth in Judge Jones's August 2, 2021, Order has closed, the parties now have "leave to file any motions as a result thereof," consistent with the Order.  (Order, ECF No. 181).

BY THE COURT:

    /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
United States Magistrate Judge

26